UNITED STATES   DISTRICT COURT
SOUTHERN DIVISION OF INDIANA

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

2016 SEP 19  PM 3: 43

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| James Martin ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | Cause No. 1:16-cv-2403 JMS - DML |
| ) | |
| AutoZone, Inc. ) | **AMENDED Civil Suit** |
| ) | **American Disability Act Violation** |
| Defendant. ) | |

Plaintiff, JAMES MARTIN(hereinafter, "Plaintiff"), on behalf of himself, as Pro-se, hereby files this Action Complaint against Defendants, AUTOZONE, and states as follows:

INTRODUCTION:

1. This action seeks to put an end to systemic civil rights violations committed by Defendants AUTOZONE (hereafter collectively as "AUTOZONE" or "Defendants"), against the defendant. Defendants are denying blind individuals throughout the United States equal access to the goods and services AUTOZONE provides to their non-disabled customers through http://www.AutoZone.com (hereafter "AutoZone.com" or "the website"). AutoZone.com provides to the public a wide array of the goods, services, price discounts, employment opportunities and other programs offered by AUTOZONE. Yet, AutoZone.com contains thousands of access barriers that make it difficult if not impossible for blind customers to use the website. In fact, the access barriers make it impossible for blind users to even complete a transaction on the website. AUTOZONE thus excludes the blind from the full and equal participation in the growing Internet economy that is increasingly a fundamental part of the common marketplace and daily living.

1

In the wave of technological advances in recent years, assistive computer technology is becoming an increasingly prominent part of everyday life, allowing blind people too fully and independently access a variety of services, including online shopping.

2. Plaintiff has issues with his visions caused by his medical illnesses, who shops more at home than in public stores due to his illnesses. He brings this civil rights action against Defendants for failing to design, construct, and/or own or operate a website that is fully accessible to, and independently usable by, blind people.

3. Specifically, AutoZone.com has many access barriers preventing blind people to independently navigate and complete a purchase using assistive computer technology.

4. Plaintiff uses the terms "blind person" or "blind people" and "the blind" to refer to all persons with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200. Some blind people who meet this definition have limited vision. Others have no vision.

5. Approximately 8.1 million people in the United States are visually impaired, including 2.0 million who are blind. There are approximately 400,000 visually impaired persons Americans with Disabilities: 2010 Report, U.S. Census Bureau Reports in Indiana State.

6. Many blind people enjoy online shopping just as sighted people do. The lack of an accessible website means that blind people are excluded from the rapidly expanding self-service retail economy and from independently accessing this ever-popular website.

7. Despite readily available accessible technology, such as the technology in use at other heavily trafficked retail website, which makes use of alternative text, accessible forms, descriptive links, and resizable text and limits the usage of

tables and JavaScript, AUTOZONE has chosen to rely on an exclusively visual interface, including pop-up forms that are inaccessible. AUTOZONE sighted customers can independently browse, select, and buy products online without the assistance of others. However, blind people must rely on sighted companions or strangers to assist them in accessing and buying goods on AutoZone.com. Blind people must necessarily disclose personal information, including their credit card information, to these other individuals in order to complete transactions.

8. By failing to make their website accessible to blind persons, Defendants are violating basic equal access requirements under both state and federal law.

9. Congress provided a clear and national mandate for the elimination of discrimination against individuals with disabilities when it enacted the Americans with Disabilities Act. Such discrimination includes barriers to full integration, independent living, and equal opportunity for persons with disabilities, including those barriers created by website and other public accommodations that are inaccessible to blind and visually impaired persons. Similarly, Indiana state law requires places of public accommodation to ensure access to goods, services and facilities by making reasonable accommodations for persons with disabilities

10. Defendants violated statutes enacted in each of the fifty states and the District of Columbia (hereafter, "AUTOZONE States") that are designed to protect disabled persons, including blind persons, against unlawful discriminatory practices.

11. Plaintiff browsed and intended to shop at AutoZone.com. However, unless Defendants remedy the numerous access barriers on their website, Plaintiff and will continue to be unable to independently navigate, browse, use and complete a transaction on AutoZone.com.

12. This complaint seeks declaratory and injunctive relief to correct Defendants' policies and practices to include measures necessary to ensure compliance with federal and state law and to include monitoring of such measures, to update and

3

remove accessibility barriers on AutoZone.com so that Plaintiff will be able to independently and privately use Defendants' website.

This complaint also seeks compensatory damages to compensate plaintiff for having been subjected to unlawful discrimination.

### JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction of this action pursuant to: a. 28 U.S.C. § 1331 and 42 U.S.C. § 12188, for Plaintiff's claims arising under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq

14. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, over Plaintiff's pendent claims under the Indiana State Human Rights Law

15. Venue is proper in the Southern District of Indiana pursuant to 28 U.S.C. §§ 1391(b)- ©) and 1441(a).

16. Defendants are registered to do business in Indiana State and have been doing business in Indiana State, including the Southern District of Indiana. Defendants maintain approximately 13,600 world-wide. They are subject to personal jurisdiction in this District. Defendants also have been and are committing the acts alleged herein in the Southern District of Indiana, have been and are violating the rights of consumers in the Southern District of Indiana, and have been and are causing injury to consumers in the Southern District of Indiana. A substantial part of the acts and omissions giving rise to Plaintiff's claims have occurred in the Southern District of Indiana. Specifically, Plaintiff attempted to purchase items on Defendants' website AutoZone.com in Indiana.

**PARTIES:**

17. Plaintiff, JAMES MARTIN, is and has been at all times material hereto a resident of Shelby County, Indiana.

18. Plaintiff JAMES MARTIN is considered legally blind and is protected under the ADA, 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 et seq., the Indiana State Human Rights Law and the Indiana City Human Rights Law. Plaintiff MARTIN has multiple Myeloma Plasma Cell Cancer, along with high Blood Pressure, Sugar Diabatic and on several narcotic medications that causes severe blurred vision and would constitute as medically partially legally blind. Plaintiff MARTIN cannot use a computer without the assistance of screen reader software. Plaintiff MARTIN has been denied the full enjoyment of the facilities, goods and services of AutoZone.com, as well as to the facilities, goods and services of Defendants' retail stores, as a result of accessibility barriers on AutoZone.com. Most recently in August 2016, Plaintiff MARTIN attempted to make a purchase on AutoZone.com but could not browse or choose items to be added to his cart due to the inaccessibility of the website. The inaccessibility of AutoZone.com has deterred him from shopping at AUTOZONE stores.

19. Defendant AUTOZONE is an American for-profit corporation organized under the laws of TN, with a principal executive office at 123 S. Front St. MEMPHIS, TN 38103-3607.

20. Defendants own and operate retail stores (hereafter "AUTOZONE Stores"), which are places of public accommodations. These stores provide to the public important goods, such as vehicle parts, vehicle accessories, batteries and numerous other products. AUTOZONE also provides to the public a website service known as AutoZone.com. Among other things, AutoZone.com provides access to the array of goods and services offered to the public by AUTOZONE, including special pricing offers and other benefits related to these goods and services. The inaccessibility of AutoZone.com has deterred Plaintiff from shopping at AUTOZONE Stores.

22. Plaintiff, on behalf of himself and others similarly situated seeks full and equal access to the goods and services provided by AUTOZONE through AutoZone.com.

23. This case arises out of Defendants' policy and practice of maintaining an inaccessible website denying blind persons access to the goods and services of AutoZone.com and AUTOZONE Stores. Due to Defendants' policy and practice of failing to remove access barriers, blind persons have been and are being denied full and equal access to independently browse, select and shop on AutoZone.com and by extension the goods and services offered through Defendants' website to AUTOZONE Stores.

24. There are common questions of law and fact common, including without limitation, the following:

a. Whether AutoZone.com is a "public accommodations" under the ADA;

b. Whether AutoZone.com is "place or provider of public accommodation" under the laws of the AUTOZONE States;

c. Whether Defendants through their website AutoZone.com denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities in violation of the ADA; and

d. Whether Defendants through their website AutoZone.com denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities in violation of the laws of the State of Indiana.


**FACTUAL ALLEGATIONS:**

25. AUTOZONE operates AUTOZONE Stores, a chain of large, home improvement stores. The company currently operates approximately 13,600 stores in 50 states.

26. AutoZone.com is a service and benefit offered by AUTOZONE and AUTOZONE Stores throughout the United States,

including Indiana State.    AutoZone.com is owned, controlled and/or operated by AUTOZONE.

27.    AutoZone.com is a commercial website that offers products and services for online sale and home delivery that are available in AUTOZONE retail stores. The online store allows the user to browse products, product descriptions and prices; view sale items and discounts for online shopping; purchase items for home delivery; order merchandise for pickup at AUTOZONE retail stores; find retail store locations; redeem manufacturer rebates; and perform a variety of other functions.

28. Among the features offered by  AutoZone.com are the following: (a) a store locator, allowing persons who wish to shop at a AUTOZONE store to learn its location, hours, and phone numbers; (b) an online store, allowing customers to make a purchase and select for pickup at a AUTOZONE store; ©) weekly ads, allowing a customer to know what items are on sale at a particular AUTOZONE Store; (d) information about AUTOZONE Rewards program and other financial products and services offered by AUTOZONE; (e) information about products recalled from AUTOZONE by the Federal Consumer Product Safety Commission; (f) information about AUTOZONE employment opportunities, investor information and company policies; and (g) sale of many of the products and services available at AUTOZONE Stores in Indiana State.

29. This case arises out of Defendants' policy and practice of denying the blind access to  AutoZone.com, including the goods and services offered by AUTOZONE stores through AutoZone.com. Due to Defendants' failure and refusal to remove access barriers to AutoZone.com, blind individuals have been and are being denied equal access to AUTOZONE Stores, as well as to the numerous goods, services and benefits offered to the public through AutoZone.com.

30. AUTOZONE denies the blind access to goods, services and information made available through AutoZone.com by preventing them from freely navigating AutoZone.com.

31. The Internet has become a significant source of information for conducting business and for doing everyday

7

activities such as shopping, banking, etc., for sighted and blind persons.

32. The blind access website by using keyboards in conjunction with screen-reading software which vocalizes visual information on a computer screen. Except for a blind person whose residual vision is still sufficient to use magnification, screen access software provides the only method by which a blind person can independently access the Internet. Unless website are designed to allow for use in this manner, blind persons are unable to fully access Internet website and the information, products and services contained therein.

33. There are well-established guidelines for making website accessible to blind people. These guidelines have been in place for at least several years and have been followed successfully by other large business entities in making their website accessible. Accessibility Initiative (WAI), a project of the World Wide Web Consortium which is the leading standards organization of the Web, has developed guidelines for website accessibility. The federal government has also promulgated website accessibility standards under Section 508 of the Rehabilitation Act. These guidelines are readily available via the Internet, so that a business designing a website can easily access them. These guidelines recommend several basic components for making website accessible, including, but not limited to: adding invisible alt-text to graphics; ensuring that all functions can be performed using a keyboard and not just a mouse; ensuring that image maps are accessible and adding headings so that blind people can easily navigate the site. Without these very basic components a website will be inaccessible to a blind person using a screen reader.

34. AutoZone.com contains access barriers that prevent free and full use by blind persons using keyboards and screen reading software. These barriers are pervasive and include, but are not limited to: lack of alt-text on graphics, inaccessible forms, the lack of adequate prompting and labeling; the denial of keyboard access; and the requirement that transactions be performed solely with a mouse.

35.   Alternative   text   ("Alt-text")   is   invisible   code embedded   beneath   a   graphical   image   on   a   website.   Web accessibility requires that alt-text be coded with each picture so that a screen reader can speak the alternative text while a sighted user sees the picture. Alt-text does not change the visual presentation except that it appears as a text pop-up when the mouse moves over the picture. There are many important pictures on AutoZone.com that lack a text equivalent. The lack of Alt-text on these graphics prevents screen readers from accurately vocalizing a description of the graphics. (Screen readers detect and vocalize Alt-text to provide a description of the image to a blind computer user.) As a result, blind AUTOZONE customers are unable to determine what is on the website, browse the site, look for AUTOZONE locations, investigate AUTOZONE programs, specials and rebates, and/or make any purchases.

36.   AutoZone.com also lacks prompting information and accommodations necessary to allow blind shoppers who use screen readers to locate and accurately fill-out online forms. On a shopping site such as AutoZone.com, these forms include search fields to locate products, fields that specify the number of items desired, and fields used to fill-out personal information, including address and credit card information. Due to the lack of   adequate   labeling,   blind   customers   cannot   easily   make purchases or inquiries as to AUTOZONE products or programs, nor can they enter their personal identification and financial information with confidence and security.

37.   Similarly, AutoZone.com also lacks accessible forms including check boxes and pop-up forms. Check boxes and pop-up forms allow customers to locate and choose products as well as specify the color and quantity of certain items. Due to the complete lack of accessibility of these forms, blind customers cannot choose and purchase the products they want since they are stopped from doing so.

38.   The lack of navigation links on Defendants' website makes attempting to navigate through AutoZone.com even more time consuming and confusing for blind consumers.

39.   AutoZone.com requires the use of a mouse to complete a transaction. Yet, it is a fundamental tenet of web accessibility that for a web page to be accessible to blind people, it must be possible for the user to interact with the page using only the keyboard.   Indeed, blind users cannot use a mouse because manipulating the mouse is a visual activity of moving the mouse pointer from one visual spot on the page to another. Thus, AutoZone.com's inaccessible design, which requires the use of a mouse to complete a transaction, denies blind AUTOZONE customers the ability to independently make purchases on AutoZone.com. Due to AutoZone.com's inaccessibility, blind AUTOZONE customers must in turn spend time, energy, and/or money to make their purchases at a AUTOZONE store.

40.  Some blind customers may require a driver to get to the store or require assistance in navigating the store.   By contrast, if AutoZone.com was accessible, a blind person could independently investigate products and programs and make purchases via the Internet as sighted individuals can and do.

41.   AutoZone.com thus contains access barriers which deny full and equal access to Plaintiff, who would otherwise use AutoZone.com and who would otherwise be able to fully and equally enjoy the benefits and services of AUTOZONE stores in Indiana State.

42.  Plaintiff JAMES MARTIN has made numerous attempts to complete a purchase on  AutoZone.com, most recently in August 2016, but was unable to do so independently because of the many access barriers on Defendants' website, causing  AutoZone.com to be inaccessible and not independently usable by, blind and visually impaired individuals.

43.  As described above, Plaintiff has actual knowledge of the fact that Defendants' website, AutoZone.com contains access barriers causing the website to be inaccessible and not independently usable by, blind and visually impaired individuals.

44.  These barriers to access have denied Plaintiff full and equal access to, and enjoyment of, the goods, benefits and services of AutoZone.com and AUTOZONE Stores.

10

45. AUTOZONE engaged in acts of intentional discrimination, including but not limited to the following policies or practices: (a) constructed and maintained a website that is inaccessible to the defendant with knowledge of the discrimination; and/or (see attached email from defendant's attorney admitting to the violation caused by their website) (b) constructed and maintained a website that is sufficiently intuitive and/or obvious that is inaccessible to the defendant; and/or ( c ) failed to take actions to correct these access barriers in the face of substantial harm and discrimination to the defendant

46. AUTOZONE utilizes standards, criteria or methods of administration that have the effect of discriminating or perpetuating the discrimination of others.

**FIRST CAUSE OF ACTION:**

(Violation of 42 U.S.C. §§ 12181, et seq. — Title III of the Americans with Disabilities Act) (on behalf of Plaintiff)

47. Plaintiff re-alleges and incorporates by reference the foregoing allegations as if set forth fully herein.

48. Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12182(a), provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." Title III also prohibits an entity from "[u]tilizing standards or criteria or methods of administration that have the effect of discriminating on the basis of disability." 42 U.S.C. § 12181(b)(2)(D)(I).

49. AUTOZONE Stores located in Indiana State and throughout the United States are sales establishments and public accommodations within the definition of 42 U.S.C. § 12181(7)(E). AutoZone.com is a service, privilege or advantage of AUTOZONE

Stores.   AutoZone.com is a service that is by and integrated with these stores.

50. Defendants are subject to Title III of the ADA because they own and operate AUTOZONE Stores.

51. Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(I) it is unlawful discrimination to deny the plaintiff with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

52. Specifically, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(II), unlawful discrimination includes, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations."

53. In addition, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(III), unlawful discrimination also includes, among other things, "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

54. There are readily available, well established guidelines on the Internet for making website accessible to the blind and visually impaired. These guidelines have been followed by other large business entities in making their website accessible, including but not limited to: adding alt-text to graphics and ensuring that all functions can be performed using a keyboard. Incorporating the basic components to make their website accessible would neither fundamentally alter the nature

12

of Defendants' business nor result in an undue burden to Defendants.

55. The acts alleged herein constitute violations of Title III of the ADA, 42 U.S.C. § 12101 et seq., and the regulations promulgated thereunder. Patrons of AUTOZONE Stores who are blind have been denied full and equal access to AutoZone.com, have not been provided services that are provided to other patrons who are not disabled, and/or have been provided services that are inferior to the services provided to non-disabled patrons.

56. Defendants have failed to take any prompt and equitable steps to remedy their discriminatory conduct. These violations are ongoing.

57. As such, Defendants discriminate, and will continue in the future to discriminate against Plaintiff on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of AutoZone.com and AUTOZONE Stores in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 et seq. and/or its implementing regulations.

58. Unless the Court enjoins Defendants from continuing to engage in these unlawful practices, Plaintiff will continue to suffer irreparable harm.

59. The actions of Defendants were and are in violation of the ADA and therefore Plaintiff invokes his statutory right to injunctive relief to remedy the discrimination.

60. Plaintiff is also entitled to reasonable attorneys' fees and costs.

61. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.


WHEREFORE, Plaintiff prays for judgment as set forth below.

13

PRAYER FOR RELIEF WHEREFORE, Plaintiff requests relief as follows:

A preliminary and permanent injunction to prohibit Defendants from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq.

A preliminary and permanent injunction requiring Defendants to take all the steps necessary to make its website, AutoZone.com, into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that AutoZone.com is readily accessible to and usable by blind individuals; A declaration that Defendants own, maintain and/or operate their website, AutoZone.com, in a manner which discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., and the laws of all other States.

Compensatory damages in an amount to be determined by proof, including all applicable statutory damages and fines, to Plaintiff for violations of their civil rights under Indiana State Human Rights Law and City Law; Plaintiff's reasonable fees, expenses, and costs of suit as provided by state and federal law;

For pre and post-judgment interest to the extent permitted by law; and such other and further relief as the Court deems just and proper.

Dated: September 15th, 2016          By:  James Martin

                                     735 Center Street
                                     Shelbyville, IN 46176
                                     (317) 604-5323

14